IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RISOLETA M. KUBEK,           )<br>                              )<br>    Plaintiff,              )<br>                              )<br>    v.                        )<br>                              )<br>TEACHERS' RETIREMENT          )<br>SYSTEM OF ALABAMA, et al.,    )<br>                              )<br>    Defendants.               ) | CIVIL ACTION NO.<br>   2:04cv29-MHT<br>       (WO) |

OPINION

Plaintiff Risoleta M. Kubek brings this lawsuit against a number of defendants, including the Teacher's Retirement System of Alabama (commonly known as RSA) and its Chief Executive Officer, Troy State University and its Chancellor, and Alabama's Governor and Attorney General.[1]  Plaintiff alleges that each defendant played a role in depriving her of benefits under her deceased ex-husband's retirement or life-insurance policies.  She

---

    1.  Troy State University changed its name to Troy University in April 2004.  Troy University, The History of Troy University, http://www.troy.edu/history.htm (last visited March 12, 2008).

brings federal due-process claims under the Fourteenth Amendment to the United States Constitution and state conversion and interference-with-contract claims as well as claims under the Alabama Constitution.  Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental).

This case is currently before the court on these defendants' motions to dismiss.  For the reasons that follow, the court will grant the motions.


I. STANDARD FOR MOTIONS TO DISMISS

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor.  Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. ____, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face." Id. at ____, 127 S.Ct. at 1974.

## II. FACTS

On December 3, 1982, plaintiff married Anthony Kubek, a professor at Troy State University. Professor Kubek retired from Troy State effective July 1, 1995, and received retirement benefits from RSA. He opted for a benefit plan that included a full joint-survivor option, for which plaintiff was designated as the beneficiary. Professor Kubek also named plaintiff as the beneficiary of his $ 60,000 life-insurance policy.

Plaintiff and Professor Kubek dissolved their marriage on January 7, 1998. While they were preparing their divorce papers, Professor Kubek wrote to RSA to emphasize his intent that plaintiff should continue to be

his sole beneficiary and that he understood state law and his pension to prohibit changing his beneficiary after his retirement. Shortly after the divorce, Professor Kubek also updated his life-insurance policy to redesignate plaintiff, now as his ex-wife rather than his wife, as beneficiary. Plaintiff and Professor Kubek continued to live amicably in their home in Clearwater, Florida. Their divorce agreement granted the house to Professor Kubek, and plaintiff was to receive half of his monthly retirement benefits and his life-insurance policy.

Several months after the divorce, in the summer of 1999, plaintiff was spending time in Brazil with her two young granddaughters. While she was away, Professor Kubek's two daughters moved him to Irving, Texas, and kept him there until his death on June 10, 2003. One of Professor Kubek's daughters took advantage of her father's loneliness, depression, and early dementia to induce him to execute a limited power of attorney. The

4

daughter then used that document to designate herself as the beneficiary of the life-insurance policy and to cancel the survivor's allowance.

Plaintiff contends that, as a result of the changes to the retirement and life-insurance policies, she was denied her vested property rights in violation of federal and state law, as the policies provided, she says, that they could not be modified without notice to her.

### III. DISCUSSION

#### A. Federal Claims

#### 1. Troy State University and RSA

Plaintiff's federal claims against Troy State and RSA must be dismissed because both are protected by the Eleventh Amendment.

It is well-established that the Eleventh Amendment protects "not only actions in which a State is actually named as the defendant, but also in certain actions against state agents and state instrumentalities."

Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). The law is settled that Troy State is an instrumentality of the State of Alabama and, as such, cannot be sued in federal court without consent. Harden v. Adams, 760 F.2d 1158, 1163 (11th Cir. 1985) (federal suit "against Troy State University, and against each of the appellees in his official capacity, was barred by the Eleventh Amendment").

RSA is defined by statute as an "instrumentalit[y] of the state funded by the state" such that it, its officers, and its employees "shall be immune from suit to the same extent as the state, its agencies, officers, and employees." 1975 Ala. Code § 36-27-2(b). RSA is therefore a state instrumentality, Ala. State Fed. of Teachers v. James, 656 F.2d 193, 195 n.8 (5th Cir. Sept. 17, 1981) (RSA is a state agency), immune from suit in federal court without consent.[2]

---

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions
(continued...)

Because Troy State and RSA have not consented to suit in this federal court, the Eleventh Amendment requires that they be dismissed.

### 2. The Governor, the Attorney General, RSA's Chief Executive, and Troy State's Chancellor

Plaintiff's federal claims also must be dismissed as to the various individuals she has sued, as they are liable in neither their official nor personal capacities.

#### a. Official capacities

State officers may be sued in their official capacities for prospective injunctive or declaratory relief, but the Eleventh Amendment bars retrospective monetary damages. Edelman v. Jordan, 415 U.S. 651, 667-68 (1974). While plaintiff contends that she is seeking prospective injunctive or declaratory relief, it is apparent that the trust of her complaint is for damages,

---

2. (...continued)
of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

that is, the award of retirement and insurance benefits. Indeed, prospective injunctive or declaratory relief would be of no value to her unless accompanied by money; she has not brought this lawsuit just to make a theoretical point. Because plaintiff is really seeking damages from the Governor, the Attorney General, RSA's Chief Executive, and Troy State's Chancellor, her federal claims against them in their official capacities are barred by the Eleventh Amendment.

Moreover, even if plaintiff were seeking only declaratory or injunctive relief, her federal claims would still be barred. She claims that the Governor, the Attorney General, and RSA's Chief Executive violated her property right under the Fourteenth Amendment by permitting a retired member of RSA--here, Professor Kubek by way of one of his daughters--to "cancel the survivor allowance payable to his designated beneficiary." But none of these named individuals may properly be sued in pursuit of such relief because none is charged with

8

enforcing the law. A state officer can only be a party to such a suit if he has "some connection with the enforcement of the act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party." Ex parte Young, 209 U.S. 123, 157 (1908). The Eleventh Circuit addressed the question of an officer's "enforcement" of the law in Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326 (11th Cir. 1999), where Alabama law provided criminal penalties as well as a civil right of action against physicians performing late-term abortions. Id. at 1329-32. The court held that the defendants could not be sued over the civil-enforcement provisions because private individuals, and not the State, are charged with enforcing that provision. Id. at 1341-42. In the instant case, only private individuals may use the statute to assert their right to cancel their survivor allowance, and, as such, the Governor, the Attorney

9

General, and RSA's Chief Executive have no power to enforce the law.

Additionally, plaintiff seeks to hold Troy State's Chancellor responsible for violation of her due-process right because, according to her, he failed to train the Troy State employee who processed the daughter's request to have herself named as the beneficiary on Professor Kubek's life-insurance policy.  A state officer may be held liable in his official capacity "for conduct in which he did not personally participate if he failed to train adequately his officers ... and this failure reflects a 'deliberate indifference to the rights of [individuals].'"  Bruce v. Beary, 498 F.3d 1232, 1248 (11th Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  But plaintiff has not alleged any connection between the Chancellor's supervision responsibilities and the acts of the Troy State employee and, as such, has failed to state a claim against the Chancellor.

b. Individual capacities

Assuming that plaintiff's rights were violated, the named officials may not be sued in their individual capacity under the well-established rule that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Supervisory liability attaches only when the supervisor actively participates in the unconstitutional conduct or when the supervisor's actions or omissions are causally connected to the constitutional violation. Id. Plaintiff has alleged neither active participation nor a causal connection for any of the individual defendants. Indeed, she has not alleged that the individual defendants did anything at all.

Furthermore, the individual defendants are protected by qualified immunity. Under United States Supreme Court precedent, courts must answer two questions when

determining whether an official is entitled to qualified immunity. First, did the public official violate a federal statutory or constitutional right? <u>Scott v. Harris</u>, ___ U.S. ____, ____, 127 S.Ct. 1769, 1774 (2007). Second, if so, was that right clearly established at the time the official derogated the plaintiff's right? Id. In the instant case, because plaintiff has not alleged facts sufficient to demonstrate that the individual defendants violated a constitutional right, it follows the right she asserts was violated was not clearly established.

## B. State Claims

Plaintiff brings additional, state claims for conversion, interference with contract, and violations of the Alabama constitution. These claims should be denied without prejudice. Federal courts lack jurisdiction to order state officials to comply with state law. <u>Pennhurst State Sch. and Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984) (there is there is no "greater intrusion on

state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law").

* * *

It is clear that this matter is nothing but a private dispute between plaintiff and one of Professor Kubek's daughters over who should have received Professor Kubek's retirement and life-insurance benefits.  Plaintiff's effort to make a federal case out of this dispute must fail.

An appropriate judgment will be entered.

DONE, this the 13th day of March, 2008.

                        /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE