IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| RISOLETA M. KUBEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:04cv29-MHT |
| NORA KUBEK JONES, et al., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Risoleta M. Kubek brings this lawsuit against a number of defendants, including her step-daughter, Nora Kubek Jones. The plaintiff seeks rescission of Jones's alleged cancellation of the plaintiff's survivor benefits from her late husband's retirement policy with the Retirement Systems of Alabama (RSA) and damages for Jones's alleged conversion of benefits vested in the plaintiff under her late husband's life-insurance policy. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity of citizenship).

This case is currently before the court on the plaintiff's motion for summary judgment against Jones. The motion will be denied.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, at which point the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56).  The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may

not rest upon the mere allegations or denials in the pleadings. Fed. R. Civ. P. 56(e).

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).


## II. FACTS

On December 3, 1982, the plaintiff married Dr. Anthony Kubek, a professor at Troy University with two daughters, one of whom is Jones. Dr. Kubek retired from Troy effective July 1, 1995, and received retirement benefits from RSA. He opted for a benefits plan under 1975 Ala. Code § 36-27-16(d)(2) that included a full

joint-survivor option, for which the plaintiff was designated as the beneficiary.[1]  Dr. Kubek also named the plaintiff as the beneficiary of his $ 60,000 life-insurance policy.

The Kubeks, in what appears to be an exemplar of an amicable divorce, dissolved their marriage on January 7, 1998, in a Florida court.  While they were preparing their divorce papers, Dr. Kubek wrote to RSA to emphasize his intent that the plaintiff continue to be his sole beneficiary and that his pension prohibited changing his beneficiary after his retirement.  The Kubek continued to live amicably in their home in Clearwater, Florida.  Their divorce agreement granted the house to Dr. Kubek, and the plaintiff received half of Dr. Kubek's monthly retirement benefits under his TIAA-CREF policy.

---

1.  The provision reads, "Upon [the member's] death, his reduced retirement allowance shall be continued throughout the life of and paid to such person as he shall nominate by written designation duly acknowledged and filed with the Board of Control at the time of his retirement."

4

Several months after the divorce, in the summer of 1999, the plaintiff was spending time in Brazil with her two young granddaughters. While she was away, Jones and her sister moved Dr. Kubek to Irving, Texas, and kept him there until his death on June 10, 2003. The plaintiff claims that Jones took advantage of her father's loneliness, depression, and early dementia to induce him to execute a limited power of attorney. Jones, according to the plaintiff, then used that document to designate herself as the beneficiary of the life-insurance policy and to cancel his survivor's allowance under 1975 Ala. Code § 27-36-16.1(a).[2] The only benefit the plaintiff

---

2. Section 27-36-16.1(a) provides: "Any member of the Teachers' Retirement System of Alabama or the Employees' Retirement System of Alabama who is retired and who has selected a survivor option may cancel the survivor allowance payable to his designated beneficiary. Such election shall be in accordance with the rules and regulations prescribed by the Board of Control and once made by the member shall be irrevocable. Any member who so elects to cancel a survivor allowance shall designate such new beneficiary as he shall nominate to receive a pro rata payment for the number of days said member shall live during the month of his death. Any cancellation of a survivor allowance under the provisions of this section (continued...)

received from the retirement plan was a single pro-rata payment of $ 188, based on the number of days that Dr. Kubek lived in June 2003.

## III. DISCUSSION

While Jones has failed to respond to the plaintiff's motion for summary judgment, summary judgment may not be granted by default. <u>Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs and Participating Employers v. Wolf Crane Serv., Inc.</u>, 374 F.3d 1035, 1040 (11th Cir. 2004). Instead, the district court "must consider the merits of the motion" and review "all of the evidentiary materials submitted in support of the motion." <u>United States v. One Piece of Real Property Located at 5800 SW</u>

---

2. (...continued)
shall be irrevocable by the member and payment of the pro rata amount for the number of days said member lives during the month of his death shall be in lieu of any other benefits heretofore payable under the provisions of the teachers' retirement law or the employees' retirement law."

6

74th Ave., Miami, Fla., 363 F.3d 1099, 1101-02 (11th Cir. 2004).

Upon review of the plaintiff's summary-judgment motion and the accompanying evidentiary materials, the court concludes that they do not establish the absence of a genuine issue of material fact.  The plaintiff has provided evidence that Dr. Kubek had selected her as the beneficiary of his life-insurance policy; that she received 50 % of Dr. Kubek's retirement account through TIAA-CREF in the divorce; and that she was designated as the sole and unalterable beneficiary of Dr. Kubek's retirement account through RSA.  She has also provided evidence that Dr. Kubek affirmed each of these policies on July 31, 1997, in a document he called a "divorce agreement."  Finally, the plaintiff has shown that, on September 22, 2000, Dr. Kubek requested a change of beneficiary form for his life-insurance policy, so that he could delete the plaintiff and replace her with Jones.

7

What the plaintiff has not managed to show is that Jones did anything to deprive her of any rights. The document Dr. Kubek called a "divorce agreement" appears separate from the final judgment of dissolution of marriage, and the latter document's division of marital assets grants the plaintiff only 50 % of the TIAA-CREF account; it does not mention the RSA policy at all, and "N/A" was written on the portion of the form concerning life insurance. Additionally, Dr. Kubek appears to have written a letter to the divorce court in which he emphasized his desire for the plaintiff to have half of the TIAA-CREF account but did not mention making the other accounts part of the allocation of property in the divorce. See Littleton v. Littleton, 555 So.2d 924, 926 (Fla. Dist. Ct. App. 1990) (retirement plan may be considered marital asset for equitable distribution purposes in divorce).[3] Because the life-insurance policy

---

3. As the Kubeks were divorced in Florida, Florida substantive law applies to any injuries arising from the divorce itself. See Wal-Mart Stores, Inc. v. Manning,
(continued...)

was therefore not property awarded in the divorce, Dr. Kubek was entitled to change the beneficiary. See Williams v. Shuler, 551 So.2d 585, 587 (Fla. Dist. Ct. App. 1989) (final decree of divorce and stipulations "were incapable of vesting title because neither document contained, or even made reference to, a legal description of the property and interests involved."). Additionally, while Dr. Kubek was barred by law from changing the beneficiary of his RSA policy, he did retain the right to cancel the survivor's allowance to that account under 1975 Ala. Code § 27-36-16.1(a). It should also be noted that the plaintiff has provided no evidence demonstrating that the RSA survivor's allowance was canceled.

***

---

3. (...continued)
788 So.2d 116, 118 (Ala. 2000) ("Alabama's choice-of-law doctrine requires that the substantive rights of an injured party be determined according to the law of the state where the injury occurred.").

For the foregoing reasons, it is ORDERED that plaintiff Risoleta M. Kubek's motion for summary judgment (Doc. No. 106) is denied.

DONE, this the 31st day of March, 2009.

                                              /s/ Myron H. Thompson
                                        UNITED STATES DISTRICT JUDGE