IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| RISOLETA M. KUBEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:04cv29-MHT |
| | ) | (WO) |
| NORA KUBEK JONES, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

This lawsuit is now before the court on defendant Universal Surety of America's motion for summary judgment against plaintiff Risoleta M. Kubek. For the reasons that follow, the motion shall be granted.

Kubek brought this lawsuit against a number of defendants, alleging that each played a role in depriving her of benefits she was entitled to receive under the retirement and life-insurance policies of her deceased ex-husband. According to Kubek, defendant Nora Kubek Jones amended Kubek's ex-husband's beneficiary designations by falsely obtaining a "Limited Power of

Attorney" and a "Notice of Survivor Benefits Cancellation." Both documents were purportedly authorized by the ex-husband and notarized by defendant Tina Carter, who served as Universal Surety's principal. Kubek seeks to recover from Universal Surety on a derivative claim theory based on the alleged false acknowledgment of these two documents. Kubek asserts jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1367 (supplemental).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Universal Surety contends that it is entitled to summary judgment because it has submitted an affidavit of Carter (now known as Tina Carter McCaskill), in which she states that she did not acknowledge the documents and, in fact, was not even present when the documents were

2

purportedly notarized. Thus, Universal Surety contends that it has no derivative liability.

In response, Kubek contends that the Carter affidavit confirms her "allegation that the signature of [Kubek's ex-husband] was a forgery." (Doc. No. 139). Asserting that Carter's whereabouts were unknown prior to the filing of the affidavit in October 2009, Kubek requested more time for discovery to inquire into the relationship, if any, between Jones and Carter. During a July 28, 2011, conference call, Kubek informed the court that further discovery regarding Universal Surety's motion was no longer necessary. Kubek has submitted no additional evidence relating to Universal Surety's liability.

Thus, the undisputed evidence before the court is as follows. Carter attests that she neither notarized nor acknowledged the disputed documents. Kubek has provided no evidence to contest Carter's affidavit. It is therefore undisputed that Carter did not acknowledge the two documents. Because Universal Surety's liability is

3

conditioned upon a finding that Carter failed to perform the duties of a notary public, there is nothing to support Kubek's derivative-liability claim.

An appropriate judgment will be entered granting Universal Surety's summary-judgment motion.  Universal Surety's crossclaim against Carter is still pending

DONE, this the 8th day of August, 2011.

                 <u>/s/ Myron H. Thompson</u>
              **UNITED STATES DISTRICT JUDGE**