IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RISOLETA M. KUBEK,            ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | CIVIL ACTION NO. |
|     v.                       ) | 2:04cv29-MHT |
|                              ) | (WO) |
| NORA KUBEK JONES,            ) | |
| et al.,                      ) | |
|                              ) | |
|     Defendants.              ) | |

OPINION

Plaintiff Risoleta M. Kubek brought this lawsuit against a number of defendants, alleging that each played a role in depriving her of benefits she was entitled to receive under the retirement and life-insurance policies of her deceased ex-husband. This court has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental).

This lawsuit is now before the court on defendants John Hancock Life Insurance Company's and Verbie Curtis's motions for summary judgment against Kubek.  Rule 56(a) of the Federal Rules of Civil Procedure provides that

summary judgment is appropriate where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party," but "only if there is a 'genuine' dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380 (2007). For the reasons that follow, the motions shall be granted.

According to Kubek, defendant Nora Kubek Jones amended Kubek's ex-husband's beneficiary designations by falsely obtaining a "Limited Power of Attorney" and a "Notice of Survivor Benefits Cancellation."

At the time of Kubek's ex-husband's death, John Hancock held the disputed life-insurance policy. Pursuant to the change-of-beneficiary form, John Hancock paid the survivor benefits to Jones. Kubek seeks indemnification on a state-law theory that John Hancock had a duty to investigate the authenticity of the change-of-beneficiary form.

2

Curtis, at the time a personnel specialist at Troy State University, processed the disputed change-of-beneficiary forms.  Kubek claims that Curtis is liable under federal due-process law for her "unskillful acts" in handling those forms.  Second Amended Complaint (Doc. No. 36), ¶ 71.

As to the merits, John Hancock argues that Alabama law protects an insurance company against double indemnification.  Alabama law provides that, once an insurer pays benefits pursuant to a policy, "such payments shall fully discharge the insurer from all claims under the policy or contract, unless, before payment is made, the insurer has received at its home office written notice by, or on behalf of, some other person that such other person claims to be entitled to such payment or some interest in the policy or contract." 1975 Ala. Code § 27-14-24.

In <u>Fortis Benefits Ins. Co. v. Pinkley</u>, 926 So.2d 981 (Ala. 2005), the Alabama Supreme Court addressed whether

an insurer was liable to an individual claiming benefits on the basis of a forged change-of-beneficiary request form. The answer was an emphatic no. The Alabama Supreme Court ruled that, when a life insurer "receives a change-of-beneficiary request form, regular on its face and executed by a person purporting to be the owner of the policy," it has no "duty to investigate the authenticity of the signature before paying death benefits under the policy." Id. at 984. Thus, an insurance company is not liable for disbursing benefits on the basis of a forgery, provided that it acts in good faith.

Relying on an agency theory of liability, Kubek argues that Curtis--and, by implication, John Hancock--had sufficient notice that the change-of-beneficiary form was a forgery. Kubek contends that Curtis's prior interactions with Kubek's ex-husband indicated that she was to remain the life-insurance beneficiary. Kubek asserts that the listing of dementia

on the death certificate should have alerted John Hancock to the possibility of fraud in the change-of-beneficiary form.

Pinkley controls this case. Even with the assumption that Curtis was acting as John Hancock's agent, the change-of-beneficiary form was "regular on its face" and John Hancock therefore had no affirmative duty under state law to investigate whether it was a forgery. Kubek has raised no genuine issue of material fact regarding whether John Hancock acted in bad faith in disbursing benefits. Once John Hancock paid Jones the life-insurance benefits, Kubek's only recourse is against Jones. Accordingly, summary judgment in favor of John Hancock is proper.

Kubek sues Curtis in her individual capacity for her "unskillful acts" in handling the change-of-beneficiary forms. Second Amended Complaint (Doc. No. 36)c, ¶ 71. Curtis argues that she is entitled to qualified immunity. Specifically, Curtis submits that she was under no duty

5

to investigate whether the change-of-beneficiary forms were forgeries. Kubek responds by citing federal due-process notice jurisprudence and by questioning Curtis's competence.

Curtis has the better of this argument and for reasons already discussed by this court. With regard to the other state defendants already dismissed from this suit, this court held that, because Kubek "ha[d] not alleged facts sufficient to demonstrate that the individual defendants violated a constitutional right, it follows that the right she asserts was violated was not clearly established." Kubek v. Teachers' Retirement System of Alabama, 2008 WL 696870 *3 (M.D. Ala. March 13, 2008); see also id. ("Under United States Supreme Court precedent, courts must answer two questions when determining whether an official is entitled to qualified immunity. First, did the public official violate a federal statutory or constitutional right? ... Second, if so, was that right clearly established at the time the

official derogated the plaintiff's right?") (citations omitted).  The facts alleged against Curtis are even more sparse, with one allegation ending mid-sentence.  Second Amended Complaint (Doc. No. 36), ¶ 75.  Accordingly, summary judgment in favor of Curtis is proper.

                              \*\*\*

An appropriate summary judgment in favor of John Hancock and Curtis and against Kubek will be entered.

DONE, this the 21st day of September, 2011.

                                        /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE