```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RISOLETA M. KUBEK,         )
                           )
    Plaintiff,             )
                           )
                           )       CIVIL ACTION NO.
    v.                     )         2:04cv29-MHT
                           )            (WO)
NORA KUBEK JONES,          )
                           )
    Defendant.             )
```

OPINION

Plaintiff Risoleta M. Kubek seeks damages under Alabama law for the conversion of her benefits under her late ex-husband's retirement and life-insurance policies. Kubek alleges that her step-daughter, defendant Nora Kubek Jones, converted these policies by forging "Limited Power of Attorney" and "Notice of Survivor Benefits Cancellation" forms and exercising undue influence over the ex-husband. This court has jurisdiction under 28 U.S.C. § 1367 (supplemental).[1] Based on an on-the-record

---

[1] Initially, Kubek asserted federal claims with jurisdiction based on 28 U.S.C. § 1331 (federal question), but with her federal claims now resolved, see, e.g., Kubek v. Teachers' Retirement System of Ala., 2008
(continued...)

stipulation at the pretrial conference to resolve the conversion claim on the record without a jury trial and after a full review of the record,[2] this court now makes the following findings of fact and reaches the following conclusions of law on Kubek's conversion claim.[3]

---

1. (...continued)
WL 696870 (M.D. Ala. 2008), only her state conversion claim is left, with jurisdiction, as stated, resting on § 1367. Kubek also asserts diversity jurisdiction under 28 U.S.C. § 1332, but Kubek and Jones are not "diverse" under § 1332 because Kubek is a dual American-Brazilian citizen residing in Brazil. See Molinos Valle Del Cibao, C. por. A. V. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011) (holding that "an individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction under § 1332(a)").

2. There is a wrinkle, however: While Jones filed an answer in August 2004, she has not made an appearance since then. At the pretrial conference on September 26, 2011, Kubek waived her right to a jury trial. The court finds that Jones's absence constitutes a waiver of her right to a jury trial. See Southland Reship, Inc. v. Flegel, 534 F.2d 639, 644-45 (5th Cir. 1976) (finding waiver of right to jury trial when counsel participated at hearing and failed to object); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2321 (3d ed. 2008) ("The right to jury trial also may be waived as it has in many, many cases, by conduct.").

3. On March 31, 2009, this court denied summary
(continued...)

## I.  Findings of Fact

Kubek's conversion claim arises from her status as a beneficiary under two policies.

First, Kubek was entitled to survivor benefits under her ex-husband's retirement policy. While Alabama law prohibited the ex-husband from changing the retirement policy's beneficiary, he did retain the right to cancel the survivor's allowance. See 1975 Ala. Code § 36-27-16.1(a). Kubek alleges that Jones filed a forged "Notice of Survivor Benefits Cancellation" form with the ex-husband's former employer. As a result, Jones received a pro-rata survivor benefit of $ 188.05 for the ten days that her father was alive in June 2003.

Second, Kubek was listed as the beneficiary of her ex-husband's life-insurance policy. Kubek alleges that

---

3.  (...continued)
judgment in favor of Kubek and against Jones. Kubek v. Jones, 2009 WL 903289 (M.D. Ala. March 31, 2009). More recently, in September 2011, this court sua sponte issued an order directing Kubek to show cause why summary judgment should not be granted to Jones. On September 30, 2011, this court denied summary judgment in favor of Jones and against Kubek.

Jones exercised undue influence to remove Kubek and name Jones as the policy's beneficiary. Upon the ex-husband's death, the life-insurance policy paid out $ 60,000 in benefits and $ 17.26 in interest.

The court finds that Jones engaged in forgery and undue influence to obtain control unlawfully over these policies.

With regards to the retirement policy, Kubek contends that Jones used a fraudulently acquired power-of-attorney to cancel her survivor benefits. The disputed "Limited Power of Attorney" form was signed in July 1999 and the "Notice of Survivor Benefits Cancellation" form was completed in November 1999. Both forms include notary seals of Tina Carter. But Carter has submitted an affidavit testifying that she did not notarize these documents. Kubek argues that these two forgeries cast doubt on the veracity of the ex-husband's signatures and the documents as a whole.

The court agrees with this reading of the Carter forgeries.  The disputed forms benefitted Jones at Kubek's expense, and, given the undisputed evidence that Carter's notarizations were forged, it is clear that these documents lack any reliable indicia of authenticity.

Other evidence also points to Jones as the author of the forms.  For instance, the "limited power of attorney" form includes handwriting that refers to the ex-husband in the third person.  Doc. No. 178-3 (referring to "royalties from <u>his</u> books published") (emphasis added). The court, therefore, concludes that the "Limited Power of Attorney" and "Notice of Survivor Benefits Cancellation" forms fraudulently notarized by Tina Carter are total forgeries and that Jones orchestrated this scheme to benefit herself.

As to the life-insurance policy, Kubek asserts that Jones exerted undue influence over the <u>ex-husband</u> when he submitted a change-of-beneficiary form in September 2000.[4]

The court finds that the ex-husband, then 80 years old, was in failing mental and physical health in 2000. A November 21, 1999, letter from Jones to Kubek details the ex-husband's health.  Jones describes the ex-husband's inability to care for himself, do his own laundry, clean his home, and follow a proper diet.  Jones states that her father's health was "deteriorating" and that he was "weak and fragile."  Doc. No. 106-6. Additionally, the ex-husband's death certificate shows that he suffered from dementia at the time of his death in June 2003.

---

4. Kubek relies on a undue-influence theory because a superceding power-of-attorney granted Jones authority over the ex-husband's affairs and there is no evidence in the record to support a claim that this second power-of-attorney is a forgery.  (Doc. No. 106-8).

II.  Conclusions of Law

To prevail on a claim of conversion under Alabama common law, Kubek must establish that there was "(1) a wrongful taking; (2) an illegal assertion of ownership; (3) an illegal use or misuse of another's property; or (4) a wrongful detention or interference with another's property."  Drennen Land & Timber Co. v. Privett, 643 So. 2d 1347, 1349 (Ala. 1994); see also Greene County Bd. of Educ. v. Bailey, 586 So. 2d 893, 898 (Ala. 1991) ("The gist of the action is the wrongful exercise of dominion over property to the exclusion or in defiance of a plaintiff's rights, where the plaintiff has a general or special title to the property or the immediate right to possession.").

In Alabama, a beneficiary's interest in an insurance policy can form the basis for a claim of conversion. Williams v. Prudential Insur. Co. Of America, 470 So. 2d 1200, 1201 (Ala. 1985) (holding that the plaintiff "correctly argue[d] that an insurance policy may be the

7

subject of conversion"). While an action for conversion for money is generally barred, "if the money at issue is capable of identification, then a claim of conversion may be appropriate." Bailey, 586 So. 2d at 898. In accordance with this exception, Alabama courts have treated the plaintiff's interest in an insurance policy as the property that is converted. Williams, 470 So. 2d at 1201.

Here, Kubek has satisfied her claim of conversion. As to the retirement policy, Jones appropriated $ 188.05 of Kubek's property. But more significantly, Jones's removal of Kubek as beneficiary resulted in the loss of all future survivorship payments. See Greer v. Carl Johnson Motor Co., 114 So. 2d 907, 910 (Ala. 1959) (noting that the destruction of property satisfies a claim of conversion). Jones's fraud in obtaining the "Limited Power of Attorney" and "Notice of Survivor Benefits Cancellation" forms constitutes a conversion of Kubek's survivor benefits.

8

As to the life-insurance policy, Jones's acquisition of the death benefit was the product of undue influence.

Under Alabama common law, in "transactions inter vivos, where the parties stand in confidential relationship, and evidence tends to show that the beneficiary is the dominant party, the law raises a presumption of undue influence and casts upon the beneficiary the burden of repelling such presumption when the transaction is assailed." Wolfe v. Thompson, 235 So. 2d 878, 882 (Ala. 1970). The beneficiary must demonstrate that the "transaction was fair, just, and equitable in every respect." Id. at 882-83.

The relationship between a parent and child is confidential. Chandler v. Chandler, 514 So. 2d 1307, 1308 (Ala. 1987). Moreover, if the evidence makes it appear that the child is the "dominant spirit" in the relationship, the burden shifts to the child to show that the transaction was fair and just. Id.

9

Kubek has established that Jones was the "dominant spirit" in relation to her father. As detailed above, the ex-husband was in poor health and suffering from dementia in the final years of his life. Jones also served as his primary care-giver in Texas.

Furthermore, the correspondence that initiated the change-of-beneficiary process used hand-written fax cover sheets depicting a dog and cartoon characters. Prior correspondence between the ex-husband and his insurance provider used type-written letters. The difference is striking. The fax correspondence raises the specter that Jones controlled the change-of-beneficiary process to benefit herself and that her father had become dependent on her.

Thus, the court finds that Kubek has established a presumption of undue influence. Jones's general denial and subsequent unresponsiveness are insufficient to rebut this presumption. As the life-insurance policy's change-

of-beneficiary form was the product of undue influence, Jones unlawfully converted Kubek's death benefits.

## III. Damages

Under Alabama law, the measure of compensatory damages for the conversion of personal property is the value of the property as of the date of the conversion with interest at an annual rate of 6 % from the date of conversion. <u>Edwards v. Vanzant</u>, 492 So. 2d 990, 994 (Ala. 1986).[5]

Kubek's entitlement under the retirement policy needs to be calculated based upon the survivor benefit paid to Jones: a pro rata amount of $ 188.05 for the ten days the ex-husband was alive in June 2003. The per diem rate for the policy, therefore, was $ 18.81. Under the retirement policy, Kubek was entitled to receive a lifetime monthly survivor benefit. Using actuarial tables submitted by the plaintiff, the court has calculated Kubek's life

---

5. The court awards no punitive damages.

11

expectancy to be 19.24 years at the time of her ex-husband's death. Thus, Kubek's expected survivor benefits amounted to $ 132,095.11.[6]

Under the life-insurance policy, Kubek is due what Jones received in payment: $ 60,000 in benefits and $ 17.26 in interest.

Kubek's principal amount is $ 192,112.37. As benefits were paid in June or July 2003, Kubek is entitled to 6% annual interest over 8 years and 3 months. Kubek's interest on the conversion comes to $ 95,095.62. Kubek's total damages, therefore, amount to $ 287,207.99.

* * *

In sum, the court finds that Kubek has established her claim of conversion against Jones and is entitled to

---

6. The court's survivor benefits calculation is based upon Kubek's life expectancy at the time of the ex-husband's death and necessarily includes the benefits ($188.05) already paid to Jones that were due to Kubek.

12

damages of $ 287,207.99.  An appropriate judgment will be entered.

DONE, this the 30th day of September, 2011.

                             /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE